# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
3:11-cv-328-RJC-DSC

| | |
|---|---|
| ORANGE LEAF HOLDINGS LLC, )<br>an Oklahoma Limited Liability Company, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JING ZHOU, )<br>an individual, )<br>Defendant. ) | **CONSENT ORDER** |

This matter is before the Court on Plaintiff Orange Leaf Holding LLC's ("Orange Leaf") Motion for a Temporary Restraining Order. (Doc. No. 3). After the filing of Orange Leaf's Complaint and Motion, the parties conferred and have agreed to the issuance of this consent Order granting the relief below. With the consent of the parties, this Court finds and directs as follows:

1. Orange Leaf brought this action under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), and other applicable state law. Orange Leaf is an Oklahoma Limited Liability Company, each of whose members are citizens of Oklahoma or Colorado, and Defendant is an individual residing in the state of North Carolina.

2. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331(a), 1338(a) & (b), 1367, and 15 U.S.C. §1121. As Orange Leaf and Defendant are citizens of different states, and as the matter in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, this Court also has jurisdiction pursuant to 28 U.S.C. § 1332. Supplemental jurisdiction is also proper for the state claims pursuant to 28 U.S.C. § 1367(a) because the claims set forth are so related that they form part of the same case or controversy.

3.     This Court has personal jurisdiction over the Defendant, and venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as Defendant is doing business in this District, a substantial part of the events or omissions giving rise to the claim occurred here, the Defendant has advertised and continues to advertise in this District, and the restaurant Defendant is attempting to open is located in this District.

4.     Orange Leaf is the owner of valid trademarks, including ORANGE LEAF® and a stylized letter "O" (collectively, the "Marks"), which it uses to identify authorized sellers and distributors in its frozen yogurt network. Orange Leaf has invested considerably in the protection of its Marks, as shown by its substantial advertising and its registration of trademarks on the Federal Register, including Reg. Nos. 3,814,302 and 3,814,304. Stores operating under the Orange Leaf Marks also utilize a distinctive trade dress involving color schemes, layouts, designs, and interior and exterior motifs that consumers associate with the Orange Leaf brand. Photographs of the Marks and trade dress are shown in the Complaint, the Motion, and the papers attached thereto.

5.     Defendant JING ZHOU has been operating as a licensee of a single Orange Leaf location in Pineville, North Carolina. Orange Leaf has never granted permission to Defendant to use the Orange Leaf Marks, trade dress, or proprietary information at any locations other than the one in Pineville. However, the Defendant appears to be preparing to open a new location in Northlake Mall in Charlotte, North Carolina under the name "Orange Tree."

6.     Orange Leaf believes that Defendant's new restaurant plans to use the Marks and similar variations of them and Orange Leaf's distinctive trade dress in a manner that will cause confusion in the marketplace and infringe on Orange Leaf's rights.

7. Orange Leaf asserts that it has prior rights to the Marks and trade dress and is entitled to protection under the Lanham Act and common law against unauthorized copying and use of confusingly similar marks and trade dress. Based on these factual allegations and those set forth more completely in the Complaint, the Motion, and the papers attached thereto, Orange Leaf asserts that Defendant has committed trademark and trade dress infringement and unfair competition, all in violation of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), and that he has further engaged in unfair and deceptive trade practices in violation of N.C. Gen. Stat. § 75-1.1. Orange Leaf filed a motion seeking a temporary restraining order, to be followed by preliminary injunction.

8. The Court originally set this matter down for a hearing on Tuesday, July 12, 2011. Prior to the hearing, however, the parties conferred and have agreed to consent to the entry of this Order.

9. The parties consent to entry of this Order without the need for Orange Leaf to post security, and the Court further determines that no such security is required under the circumstances of this case. Defendant also consents to an extension of the period of this Order beyond the time period set forth in Rule 65(b)(2) of the Federal Rules of Civil Procedure, and the Court finds that good cause exists for such an extension so that the parties may discuss any appropriate disposition of the case. This Order shall therefore remain in effect until further order of the Court.

**IT IS THEREFORE ORDERED** that:

A. Defendant, his agents, employees, and all other persons, firms, or corporations acting or claiming to act on their behalf, or in concert with them, be restrained, enjoined and prohibited from opening or conducting the proposed business at Northlake Mall in Charlotte, North Carolina

using the name "Orange Tree," Orange Leaf's stylized "O", any other Orange Leaf Marks or trade dress, and any confusingly similar variations thereof.

B.  Defendant, his agents, employees, and all other persons, firms, or corporations acting or claiming to act on their behalf, or in concert with them, be restrained, enjoined and prohibited from opening or conducting any other proposed business using any Orange Leaf Marks or trade dress and any confusingly similar variations thereof, including the name "Orange Tree," Orange Leaf's stylized "O", and Orange Leaf's distinctive trade dress, apart from his sole authorized location in Pineville, North Carolina; and

C.  Defendant be ordered to preserve all potentially relevant information and be prohibited from any such further conduct that constitutes unfair competition or unfair and deceptive trade practices.

Signed: July 15, 2011

Robert J. Conrad, Jr.
Chief United States District Judge

WE CONSENT:

| | |
|---|---|
| /s/ James M. Dedman | /s/ David W. Gilpin |
| Christopher M. Kelly | Gilpin Law Offices, PLLC |
| James M. Dedman | Attorneys at Law |
| GALLIVAN, WHITE & BOYD, P.A. | 301 S. McDowell Street, Suite 1204 |
| 5960 Fairview Road, Suite 400 (28120) | Charlotte, NC 28204 |
| P.O. Box 12250 | Telephone: (704) 375-3641 |
| Charlotte, NC 28220 | Facsimile: (704) 372-8783 |
| 704-552-1712 | E-Mail: dgilpin@gilpinlawoffices.com |
| | |
| P.O. Box 10589 | Attorneys for Defendant Jing Zhou |
| Greenville, SC 29603 | |
| (864) 271-9580 | |
| (864) 271-7502 FAX | |
| CKelly@gwblawfirm.com | |
| JDedman@gwblawfirm.com | |
| | |
| OF COUNSEL: | |
| | |
| Thomas E. Vanderbloemen | |
| Adam C. Bach | |
| GALLIVAN, WHITE & BOYD, P.A. | |

| | |
|---|---|
| P.O. Box 10589<br><br>Greenville, SC 29603<br><br>(864) 271-9580<br><br>(864) 271-7502 FAX<br><br>TVanderbloemen@gwblawfirm.com<br><br>ABach@gwblawfirm.com<br><br><br>Attorneys for Plaintiff,<br><br>Orange Leaf Holdings LLC | |